NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 24 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUVENTUS JULIUS TAN, | No. 13-74356 |
| Petitioner, | Agency No. A095-023-661 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before: GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Juventus Julius Tan, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's determination that the incidents Tan experienced in Indonesia, even considered cumulatively, did not rise to the level of persecution. *See id.* at 1059-60 (record did not compel finding of past persecution where petitioner was robbed and beaten as a youth, and accosted by a mob); *see also Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) (record did not compel finding of past persecution where petitioner suffered discrimination and harassment, but no significant physical violence). Substantial evidence also supports the agency's determination that, even under a disfavored group analysis, Tan failed to demonstrate sufficient individualized risk of harm as a Chinese Christian to establish a well-founded fear of future persecution in Indonesia. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009). We reject Tan's contentions that the agency failed to consider evidence or otherwise erred in analyzing his claim. *See Najmabadi v. Holder*, 597 F.3d 983, 990-91 (9th Cir. 2010). Thus, Tan's asylum claim fails.

Because Tan failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Tan's CAT claim because he failed to demonstrate it is more likely than not he would be tortured if returned to Indonesia.  *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**